GRIFFIS, P.J., DISSENTING:
 

 ¶ 32. This Court is not required to reverse a chancellor's "failure to make an explicit factor-by-factor [
 
 Ferguson
 
 ] analysis ... where we are satisfied that the chancellor considered the relevant facts."
 
 Seghini v. Seghini
 
 ,
 
 42 So.3d 635
 
 , 641 (¶ 21) (Miss. Ct. App. 2010). The majority and I seem to agree that the "relevant facts" require a certain substance - those facts drawn from considering the relevant
 
 Ferguson
 
 factors when dividing the marital assets.
 
 See
 

 Ferguson v. Ferguson
 
 ,
 
 639 So.2d 921
 
 , 928 (Miss. 1994). Yet, we disagree on how that substance appears in the chancellor's division of marital property in the record, or in the majority's opinion, if that substance appears in the record.
 

 ¶ 33. The majority finds that the chancellor
 
 extensively considered
 
 the distribution of marital property, and I agree. But, the majority fails to determine that this satisfies "consider[ing] the relevant facts."
 
 Seghini
 
 ,
 
 42 So.3d at 641
 
 (¶ 21). Essentially the majority determines to reverse the chancellor's judgment because the record lacks explicit and specific mention to any of the
 
 Ferguson
 
 factors.
 
 See
 

 Ferguson
 
 , 639 So.2d at 928. With this reasoning, the majority finds that the chancellor's judgment cannot reflect a consideration of the relevant
 
 Ferguson
 
 factors without explicitly analyzing them on the record.
 
 Id.
 

 ¶ 34. This Court has the authority to review the record to determine if the chancellor's division recognizes a consideration of the substance intended by the
 
 Ferguson
 
 factors, even absent an explicit
 
 Ferguson
 

 -
 
 factor analysis.
 
 Seghini
 
 ,
 
 42 So.3d at 641
 
 (¶ 21). Thus, in reviewing, I find that the chancellor's extensive consideration reflects this, although he does not explicitly mention these factors on the record.
 

 ¶ 35. Similar to this Court's determination in
 
 Seghini
 
 , the record supports that
 the chancellor extensively considered the estimated value of the marital assets based on the parties' 8.05 financial statements.
 
 See
 

 Seghini
 
 ,
 
 42 So.3d at 641
 
 (¶ 21) (finding that chancellor did consider relevant facts when he considered marital property provided on parties' 8.05 financial statements, property's estimated value, and whether parties disputed that property was marital). The record also indicates that the chancellor heard extensive testimony regarding the parties' economic and domestic contributions to the marriage, financial and health needs, disability, tax consequences, and contributions to the stability of the home and marriage.
 

 ¶ 36. The
 
 Lowrey
 
 requirement intends "to assist in the accuracy of [the trial court's] rulings ... [and] reduce[ ] unintended errors that may affect the court's ultimate decision."
 
 Lowrey v. Lowrey
 
 ,
 
 25 So.3d 274
 
 , 280 (¶ 7) (Miss. 2009). In our case, the parties shared less than twenty marital assets, and they provided valuations to nearly all assets listed on the respective 8.05 financial statements. This together with the extensive trial testimony indicates that it was not necessary for the chancellor to conduct a full, on-the-record
 
 Ferguson
 
 analysis to convey his substantial consideration of those factors. Remanding this case for the chancellor to write out his analysis of the
 
 Ferguson
 
 factors will be a wasteful and unnecessary exercise.
 

 ¶ 37. I respectfully find that reversal is not warranted, and thus remand is judicially inefficient. I would affirm the chancellor's judgment.
 

 FAIR AND GREENLEE, JJ., JOIN THIS OPINION.